UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

KENNETH FOX, on behalf of himself and
all others similarly situated,

**MEMORANDUM & ORDER**

**08-CV-1686 (NGG) (RML)**

Plaintiff,

-against-

COMMONWEALTH WORLDWIDE
CHAUFFEURED TRANSPORTATION OF
NY, LLC,

Defendant.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Kenneth Fox ("Plaintiff"), on behalf of himself and others similarly situated, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law, alleging that Defendant Commonwealth Worldwide Chauffeured Transportation of New York, LLC ("Defendant" or "Commonwealth") failed to pay him and other employees the proper amount of overtime wages. (Compl. Counts One & Two (Docket Entry #1).) Plaintiff also asserts that he was unlawfully terminated in violation of the New York State Human Rights Law, N.Y. Exec. L. § 296. (Compl. Count Three.) Defendant has filed a Motion to Dismiss the FLSA and New York Labor Law claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry #14.) For the reasons below, Defendant's Motion is DENIED.

I. BACKGROUND

The Complaint alleges the following facts. Plaintiff was employed as a full-time chauffeur for Commonwealth, a New York company, from approximately November 2007 to

1

March 2008. (Compl. ¶¶ 9, 22-24.) Throughout his employment with Commonwealth, Plaintiff's work shifts sometimes totaled more than forty hours per week. (Id. ¶ 26.) Plaintiff was paid on an hourly basis, plus remittance of a mandatory service charge that Commonwealth imposed on its customers and purported to be a gratuity. (Id. ¶¶ 27, 30.) Plaintiff's hourly rate of pay was $7.50 per hour, and his "regular rate" of pay was approximately $15.00. (Id. ¶ 32.) For hours worked in excess of forty hours per week, Plaintiff was paid an overtime rate of one-and-one-half times his hourly rate of pay, but the calculation of his overtime rate excluded the portion of his compensation consisting of the mandatory service charge. (Id. ¶ 29, 31.) Plaintiff also alleges that Commonwealth subjected similarly situated employees to the same policy of excluding the mandatory service charge from the calculation of the overtime rate.[1] (Id. ¶¶ 35.)

## II. DISCUSSION

Defendant moves to dismiss Plaintiff's FLSA claim pursuant to Rules 12(b)(1) and 12(b)(6), asserting that Commonwealth is exempt from the FLSA's overtime provision pursuant to the Motor Carrier Act exemption, 29 U.S.C. § 213(b)(1), and the "taxicab" exemption, 28 U.S.C. § 213(b)(17).[2] (Def. Mem. 6, 11 (Docket Entry #17).) Defendant also contends that because the exemptions and interpretations of the FLSA control New York state law, Plaintiff's claim under the New York Labor Law should be similarly dismissed. (Id. at 13.)

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to challenge the court's subject-matter jurisdiction by means of a motion to dismiss. Fed. R. Civ. P. 12(b)(1). In

---

[1] The Complaint also contains factual allegations concerning Plaintiff's termination, but the court does not include those allegations here, as Defendant's Motion does not seek to dismiss Plaintiff's claim of unlawful termination.

[2] Following Defendant's request for a pre-motion conference concerning the instant Motion, Plaintiff filed an Amended Complaint asserting an individual claim for violation of the Fair Credit Reporting Act. (Docket Entry #5.) Magistrate Judge Robert M. Levy granted Defendant's request for an extension to respond to the Amended Complaint until after this court rules on the instant Motion to Dismiss. (Order dated June 11, 2008 (between Docket Entries #6 and #7).)

reviewing a motion to dismiss under Rule 12(b)(1), courts must "accept as true all material factual allegations in the complaint," Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted), but refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]," APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The Second Circuit has characterized this burden as "modest," however, allowing for subject-matter jurisdiction as long as the complaint "states a colorable federal claim." Rodriguez v. DeBuono, 175 F.3d 227, 233 (2d Cir. 1999) (per curiam) (citation omitted). Courts evaluating Rule 12(b)(1) motions may consider evidence outside the pleadings. Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted).

Defendant asserts that the question of whether it is subject to the FLSA exemptions is jurisdictional, contending that Plaintiff's FLSA claim should be dismissed pursuant to Rule 12(b)(1). Defendant relies primarily on Cariani v. D.L.C. Limousine Services, Inc., 363 F. Supp. 2d 637 (S.D.N.Y. 2005), in which the district court granted a defendant limousine company's 12(b)(1) motion, concluding that the defendant was entitled to the motor carrier and taxicab FLSA exemptions. Id. at 646.

In Saca v. Dav-El Reservation System, Inc., 600 F. Supp. 2d 483 (E.D.N.Y. 2009), Judge Roslynn R. Mauskopf recently confronted the applicability of the FLSA exemptions in the context of a Rule 12(b)(1) motion and concluded that a defendant claiming exemption is challenging the merits of the FLSA claim rather than the court's subject-matter jurisdiction over the controversy. Id. at 485. Judge Mauskopf noted that the district court in Cariani had "assumed without any explicit analysis that the FSLA exemption issue went to the court's

3

jurisdiction over the controversy," and cited numerous decisions of other district courts in this circuit concluding that a defendant's claim of exemption from the FLSA was properly construed as a challenge to the merits of a claim rather than the court's jurisdiction. See id. (citing cases). Judge Mauskopf further concluded that such a conclusion was fully supported by Second Circuit precedent. Id. As the Second Circuit noted in Da Silva v. Kinsho International Corporation, 229 F.3d 358 (2d Cir. 2000), "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as a predicate for relief – a merits-related determination." Id. at 361 (quoting 2 Moore's Fed. Practice § 12.30[1] at 12-36 (3d ed. 2000).) Judge Mauskopf found that the analysis and holding in Da Silva, a Title VII case, were equally applicable to the FLSA claim in Saca. See Saca, 600 F. Supp. 2d at 486.

This court agrees with the analysis and conclusion in Saca, which are supported by the Second Circuit case law and consistent with numerous other district courts in this circuit. That Plaintiff's Complaint asserts claims "arising under" the FLSA, a federal statute, is sufficient to confer subject-matter jurisdiction under 28 U.S.C. § 1331. Defendant's Motion to Dismiss under Rule 12(b)(1) is DENIED.

### B. Dismissal under Rule 12(b)(6)

Rule 12(b)(6) allows for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss under Rule 12(b)(6), a court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104 (2d Cir. 2008) (citation omitted). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 555 U.S. 544, 570 (2007)).  A court may also consider "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit" on a motion to dismiss.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is appropriate "if the defense appears on the face of the complaint."  Staehr v. Hartford Fin. Servs. Group, 547 F.3d 406, 426 (2d Cir. 2008) (citation omitted).

In asserting that it is exempt from FLSA's overtime provision, Defendant does not challenge the sufficiency of the Complaint's factual allegations under Twombly, nor does it point to any affirmative defense apparent on the face of the Complaint.   The employer bears the burden of invoking FLSA exemptions, and exemptions "are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit."  Bilyou v. Dutchess Beer Distribs., Inc., 300 F.3d 217, 222 (2d Cir. 2002) (citation omitted).  Here, Defendant's Motion relies almost exclusively on extrinsic evidence about the nature of its business and Plaintiff's employment duties to assert that "the undisputed facts in this case clearly establish" Commonwealth's exemptions from the FLSA under the Motor Carrier Act and the taxicab exemption in 29 U.S.C. § 213(b)(17).  (See Affidavit of Dawson Rutter & Exs. 1-9 (Docket Entry #15).)

The Second Circuit has stated that "[w]hen matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment

5

under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000) (internal quotation marks omitted). Given that no party has requested conversion to a motion for summary judgment and that discovery has not even commenced in this case, the court declines to convert Defendants' 12(b)(6) motion to one seeking summary judgment. Because the Motion does not challenge the sufficiency of the allegations pled in the Complaint, Defendants' Motion to Dismiss is DENIED.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      June <u>25</u>, 2009

          _/s/ Nicholas G. Garaufis_
          NICHOLAS G. GARAUFIS
          United States District Judge