UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KENNETH FOX, *on behalf of himself and others similarly situated*, AUGUSTIN TENORIO, and EDUARDO RAMIREZ,

Plaintiffs,

-against-

COMMONWEALTH WORLDWIDE CHAUFFEURED TRANSPORTATION OF NY, LLC and D & S AUTO LEASING, LLC,

Defendants.
------------------------------------------------------------X

ORDER

08-CV-1686 (NGG) (ALC)

NICHOLAS G. GARAUFIS, United States District Judge.

On April 23, 2008, Plaintiff Kenneth Fox ("Fox") filed a complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and several New York State laws, claiming that Commonwealth Worldwide Chauffeured Transportation of NY, LLC ("Commonwealth"), allegedly Fox's former employer, failed to properly pay him overtime wages. (Docket Entry # 1.) On June 5, 2008, Fox filed his First Amended Complaint, which purports to bring his claim as a class action under 29 U.S.C. § 216(b). (Docket Entry # 5.)[1] On March 1, 2010, Fox moved to certify the putative class under the FLSA. (Docket Entry # 40.)

On April 23, 2010, Commonwealth informed the court that it, in fact, was not Fox's former employer, but that he was previously employed by D & S Auto Leasing, LLC ("D & S"), an "affiliate" of Commonwealth. (Docket Entry # 43.) Commonwealth, in turn, moved to amend its Answer to the First Amended Complaint. (Id.) On May 14, 2010, Fox filed a Second Amended Complaint including D & S as a defendant pursuant to the court's order on May 5, 2010 to do so. (Docket Entry # 44.) Beginning on August 6, 2010, Commonwealth filed a

---

[1] On November 11, 2010, Plaintiffs Augustin Tenorio and Eduardo Ramirez opted-in to the potential class. (Docket Entries ## 53, 54.)

1

number of motions for sanctions arising from discovery disputes with Fox. (See Docket Entries ## 47, 51, 55.) Magistrate Judge Carter ordered an in-person status conference resulting from these disputes, which is now scheduled for January 14, 2011.

Because the outstanding motion for class certification is based on the First Amended Complaint, which did not list D & S as a party, the court denies Fox's class certification motion without prejudice. Following the parties' status conference with Magistrate Judge Carter, Plaintiffs may refile or file a new motion for class certification that properly includes D & S as a party.

SO ORDERED.

Dated: Brooklyn, New York
January 11, 2011

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge